UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Martin Norton, III, <br><br>               Plaintiff, <br><br> vs. <br><br> William Hutchingson, et al., <br><br>               Defendants. | Case No. 2:23-cv-00611-RFB-MDC <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 42)** |

      Pro se plaintiff Joseph Martin Norton, III has filed numerous motions seeking the appointment of counsel, which have all been denied. *See ECF Nos. 39, 35, 34, 32, and 33*. In the Court's previous Order, the Court cautioned plaintiff "that continuing to file a motion for appointment of counsel on the same or similar grounds as have been previously denied is frivolous, deters the court from addressing the merits of the case, and will result in sanctions." *ECF No. 39 at 1*. Plaintiff refiled a new *Motion for Appointment of Counsel* (ECF No. 42)("Motion") three days after the Court issued this Order. The plaintiff has not shown any change of circumstances in the intervening three days. The Court finds that plaintiff has not complied with the Court's previous Order.

      Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296, 298, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the

merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the Court again does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this early stage in the proceedings, the court cannot determine that plaintiff is likely to succeed on the merits. Based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

Plaintiff has now filed multiple and duplicative motions for appointment of counsel on the same or similar grounds. As this, time the Court denies the Motion and sanctions the plaintiff in the form of an admonishment.

Given the Court's enormous caseload, such duplicative motions impose a significant burden on the Court and future duplicative motions based on the same or similar grounds will result in sanctions, including monetary sanctions or recommendation to strike all or part of plaintiff's claims. See *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (holding that in exercising its power to control its own docket, the Court may impose sanctions).   Plaintiff should also consider that filing duplicative motions does not advance his case but instead causes delays and distracts the from the substance of his claims.

ACCORDINGLY,

IT IS SO ORDERED that:

1. Plaintiff's *Motion for an Appointment of Counsel* (ECF No. 42) is DENIED.
2. Plaintiff is SANCTIONED AND ADMONISHED for violating the Court's previous Order (ECF No. 39).

2

3. Plaintiff is again CAUTIONED that continuing to file a motion for appointment of counsel on the same or similar grounds as have been previously denied is frivolous, deters the court from addressing the merits of the case, and may result in escalating sanctions as discussed in this Order.

IT IS SO ORDERED.

DATE: March 19, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.