UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Martin Norton, III,<br><br>                Plaintiff(s),<br>vs.<br><br>William Hutchingson,<br><br>                Defendant(s). | Case No. 2:23-cv-00611-RFB-MDC<br><br>**ORDER DENYING MOTION TO STAY DISCOVERY (ECF NO. 67); ORDER GRANTING MOTION TO EXTEND TIME (ECF NO. 68)** |

Defendants filed a *Motion to Stay Discovery*[1] (ECF No. 67) and a *Motion to Extend Time* (ECF No. 68). The Court **DENIES** the Motion to Stay Discovery. The Court **GRANTS** the Motion to Extend Time. The defendants have until **January 10, 2026** to comply with the Court's previous Order, including supplying plaintiff with paper copies of his medical records and filing a notice of compliance on the docket. *ECF No. 62*. The Court also extends the pro se plaintiff's deadline to file his amended complaint to **February 23, 2026**. The Court also enters a separate discovery plan and scheduling Order simultaneously with this Order.

I. **MOTION TO STAY DISCOVERY**

This is a prisoner civil rights case. The Court held a hearing and denied the defendants' motion to dismiss (ECF No. 62), but the defendants have filed a motion to reconsider the denial, which is pending (ECF No. 63). Defendants argue that the Court should stay discovery pending the resolution of the motion for reconsideration.

The Court finds staying discovery is inappropriate in this case.  Federal courts have the "power

---

[1] The defendants erroneously titled the motion as a Motion to Stay Case, but the content of the motion pertains to staying discovery.

to stay proceedings [it] is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). The Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1. The undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-CV-00382-GMN-MDC, 2024 WL 2302151, at *2 (D. Nev. May 21, 2024). The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*.

While the motion for reconsideration is potentially dispositive and can be decided without discovery, good cause does not exist to stay discovery at this time. Plaintiff filed this case almost three years ago and the Court already resolved the defendants' motion to dismiss. While the Court has the inherent power to reconsider its prior order, *see, e.g., City of Los Angeles, Harbor Div. v. Santa Monica BayKeeper*, 254 F.3d 882, 885 (9th Cir. 2001), motions for reconsideration are disfavored, *Japan Cash Mach. Co. v. Mei, Inc.*, 2008 U.S. Dist. Lexis 98778, *7 (D. Nev. Nov. 20, 2008). As with any motion to stay discovery, the Court is guided by the goals of Rule 1 for the "just, speedy, and inexpensive" determination of actions. See FRCP 1. Given the length of time that this case has been pending and that

motions for reconsideration are disfavored, the Court finds that staying discovery will further unnecessarily delay this case.

Defendants argue that a stay of discovery is automatic under *Behrens v. Pelletier,* 516 U.S. 299, 116 S. Ct. 834 (1996), because they have asserted qualified immunity, which must be resolved first before discovery may proceed. *ECF No. 67*. The Court does not agree with defendants' broad interpretation of *Behrens*, nor does the procedural posture of this case support defendants' argument. The issue in *Behrens* concerned whether interlocutory orders denying qualified immunity are appealable. *Id.*, 516 U.S. at 305, 116 S. Ct. at 838 ("The issue in the present case is the extent to which orders denying governmental officers' assertions of qualified immunity come within the… category of appealable decisions). While defendants offer authorities that have determined that an interlocutory appeal of an order denying qualified immunity divests the district court of jurisdiction and thus, effectively stays or halts discovery,[2] those circumstances are not present here. Defendants have not appealed an order denying their qualified immunity defense and this Court has not been divested of jurisdiction.

Accordingly, for the foregoing reasons, the Motion to Stay Discovery is denied.

## II.     MOTION TO EXTEND TIME

The defendants ask in the alternative for an additional thirty days to comply with the Court's Order. *EFC No. 68 citing to ECF No. 62*. The Court ordered the defendants in part to supply the plaintiff with a paper copy of his medical records, and file a notice of compliance with the Court, within thirty days. *ECF No. 62*. The Court also ordered the pro se plaintiff to file an amended complaint within sixty

---

[2] *See e.g., ECF No. 67 at 2, citing Andrade Rico v. Beard,* Case No. 2:17-CV-1402-KJM-DBP, 2019 WL 4127206, at *3 (E.D. Cal. Aug. 30, 2019).

days, presumably to give plaintiff time to review his medical records prior to filing his amended complaint. Plaintiff has presumably not been able to comply with the Court's Order because the defendants have not yet complied with the Court's Order. In the interest of moving this case forward and finding good cause exists, the Court grants the Motion to Extend Time.

**IT IS ORDERED** that:

1. Defendants' *Motion to Stay Discovery* (ECF No. 67) is **DENIED.**

2. Defendants' *Motion to Extend Time* (ECF No. 68) is **GRANTED.**

    a. The defendants have until **January 10, 2026,** to comply with the Court's previous Order, including supplying plaintiff with paper copies of his medical records and filing a notice of compliance on the docket. *ECF No. 62*.

    b. Plaintiff has until **February 23, 2026,** to file his amended complaint.

IT IS SO ORDERED.

Dated December 11, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues

waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.